UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GIANTS INVESTMENT, LLC §
d/b/a BREAKTIME #7; KASHKA INC.; §
and NINE VALLEYS INVESTMENT §
LLC d/b/a BREAKTIME #7, §
§
    *Plaintiffs* §
§
v. §      C.A. NO.: 1:26-CV-00448
§
WESTERN WORLD INSURANCE §
COMPANY and AIG CLAIMS, INC., §
§
    *Defendants* §

## DEFENDANT AIG CLAIMS INC.'S RULE 12(b)(6) MOTION TO DISMISS CERTAIN CLAIMS OF ALL PLAINTIFFS

Defendant AIG Claims, Inc. ("AIG Claims") files its Rule 12(b)(6) Motion to Dismiss Certain Claims of all Plaintiffs, as follows:

## STATEMENT OF THE ISSUES

1.    The Plaintiffs have sued AIG Claims under various theories typically found in a first-party insurance dispute. AIG Claims maintains that Plaintiff's operative pleading fails to state claims for relief against AIG Claims, and is, therefore, subject to dismissal under Rule 12(b)(6), because AIG Claims did not issue an insurance policy to Plaintiffs. A motion to dismiss under Rule 12(b)(6) is appropriate if the plaintiff has not provided fair notice of its claim and factual allegations that—when accepted as true—are plausible and rise above mere speculation.[1]

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

BACKGROUND

2.      Plaintiffs Giants Investment, LLC d/b/a Breaktime #7 ("Giants"), Kashka Inc. ("Kashka"), and Nine Valleys Investment, LLC d/b/a Breaktime #7 ("Nine Valleys") bring claims and causes of action against Defendant AIG Claims and Defendant Western World Insurance Company ("Western World") for breach of contract, breach of the common duty of good faith and fair dealing, and purported violations of Chapters 541 and 542 of the Texas Insurance Code.[2]

3.      The Plaintiffs' claims and causes of action are based, generally, on allegations that the Plaintiffs are the "owners of a Texas Commercial Insurance Policy number NPP6111833;"[3] after a storm, "Plaintiffs asked that [Western World] and [AIG Claims] cover the cost of repairs to the Property pursuant to the Policy;"[4] and Western World and AIG Claims "wrongfully denied Plaintiffs' claim for repairs to the Property … [and] "underpaid some of Plaintiffs' claims."[5]

4.      These allegations are insufficient to allow Plaintiffs to recover against Defendant AIG Claims for breach of contract, breach of the common duty of good faith and fair dealing, and purported violations of Chapter 542 of the Texas Insurance Code because AIG Claims did not issue an insurance policy to Plaintiffs.

---

[2] ECF Doc. #1-9 at ¶¶ 31-44.

[3] *Id.* at ¶ 10.

[4] *Id.* at ¶ 12.

[5] *Id.* at ¶ 16.

ARGUMENT AND AUTHORITIES

Legal Standard

5.      "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[6] Under Rule 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]

6.      A court considering a motion to dismiss reads the complaint as a whole,[8] accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.[9] Moreover, the court should not strain to find inferences favorable to the plaintiff, nor should it indulge competing reasonable inferences that favor the defendant.[10]

7.      A court is to give a liberal construction to the pleadings and allow plaintiffs to offer evidence clarifying and supporting their theories of liability unless there is no basis for liability.[11] Nevertheless, a plaintiff need not plead evidence or even detailed factual

---

[6] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'n v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

[7] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[8] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[9] *See Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)).

[10] *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[11] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.

allegations (especially when certain information is peculiarly within the defendant's possession), but must plead more than "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[12]

8.     In evaluating a motion to dismiss, courts disregard any conclusory allegations or legal conclusions,[13] as not entitled to the assumption of truth,[14] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[15]

9.     Ultimately, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The complaint must plead facts that nudge the claims "across

---

Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

[13] *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)) ("We do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'").

[14] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-cv-0428, 2011 WL 5509464, at *2 (S.D. Tex. 2011) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[15] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[16] *Iqbal,* 556 U.S. at 678.

the line from conceivable to plausible"[17] because discovery is not a license to go fishing for a colorable claim.[18] Additionally, the complaint must plead every material point necessary to sustain recovery, and dismissal is proper if the complaint lacks a requisite allegation.[19]

## What May Be Considered by the Court

10.    In ruling on a motion to dismiss for failure to state a claim, district courts limit their review to the contents of the plaintiff's complaint and the attachments thereto.[20] The Fifth Circuit recognizes an exception to this rule and allows district courts to consider documents attached to the motion to dismiss if they are referred to in plaintiff's complaint and are central to plaintiff's claim.[21]

## The Petition Fails to State Certain Claims AIG Claims

11.    With respect to Plaintiffs' claims against AIG Claims for breach of contract, breach of the common law duty of good faith and fair dealing, and purported violations of Chapter 542 of the Insurance Code, the Petition is devoid of any allegations against AIG Claims.

---

[17] *See id.* (quoting *Twombly*, 550 U.S. at 570).

[18] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[19] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[20] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[21] *See, e.g., Scanlan v. Tex. A & M Univ.*, 343 F.3d 523, 536 (5th Cir. 2003) (citing *Collins*, 224 F.3d at 498-99).

12.     As noted, in evaluating this Motion, this Court may consider documents attached to the Motion if such documents are referred to in Plaintiffs' Petition and are central to Plaintiffs' claim.[22] In this regard, the Fifth Circuit has approved consideration of insurance policies and similar insurance documents that were attached to motions to dismiss when the appellate court has reviewed orders granting Rule 12(b)(6) motions.[23]

13.     Here, a copy of the insurance policy issued by Defendant Western World to Plaintiffs Giants and Kashka—and only to those Plaintiffs—is attached hereto (the "Policy").[24] The Policy number—NPP6111833—is the same listed in the Petition.[25] Moreover, the Policy provides property coverage to the location purported to be damaged on the date it occurred.[26] Without question, this is the Policy referenced in Plaintiffs' Petition. The Policy is central to the Plaintiffs' breach of contract and "bad faith" claims because in the absence of the Policy there would be no such claims. The Policy can therefore be considered by this Court in ruling on this motion to dismiss.[27]

---

[22] *See Scanlan*, 343 F.3d at 536 (citing *Collins*, 224 F.3d at 498-99).

[23] *See, e.g., Little v. USAA Cas. Ins. Co.*, No. 09-30948, 2010 WL 4909869, at **2, 4-5 (5th Cir. Apr. 2, 2010) (considering homeowners and umbrella policies attached to insurer's motion to dismiss and affirming dismissal of plaintiff's claims for failure to state a claim based in part on terms of policies); *Bailey v. CIGNA Ins. Co.*, 87 Fed. App'x 347, 348-49 (5th Cir. 2004) (holding that district court did not err in considering Enrollment Guide and Summary Plan Description attached to insurer's motion to dismiss and affirming rule 12(b)(6) dismissal of plaintiff's ERISA suit based in part on those documents).

[24] *See* Exhibit A.

[25] *Compare* ECF Doc. #1-9 at ¶9 with Exhibit A at p. DEFS 000005.

[26] *Compare* ECF Doc. #1-9 at ¶¶ 10, 12 with Exhibit A at pp. DEFS 000005, 17.

[27] *See Collins*, 224 F.3d at 498-99; *Little*, 2010 WL 4909869, at *2.

14.     The Policy reflects that Defendant Western World—and not Defendant AIG Claims—issued the Policy.[28] The fact that AIG Claims is not a party to the insurance contract means that Plaintiffs have no breach of contract claim against AIG Claims.[29] Furthermore, Plaintiffs' extra-contractual claims under the common law and Chapter 542 of the Insurance Code are based on common law and statutory "bad faith" theories that arise only from an insurer-insured relationship. Accordingly, the fact that AIG Claims is not a party to the Policy is fatal to those common law[30] and statutory extra-contractual claims[31] as well.

CONCLUSION

15.     Defendant AIG Claims is entitled to dismissal of the claims brought by Plaintiffs for breach of contract, breach of the common law duty of good faith and fair dealing, and purported violations of Chapter 542 of the Insurance Code because AIG Claims is not a party to the insurance policy at issue in this action.

WHEREFORE, Defendant AIG Claims prays that the Court enter an order pursuant to Rule 12(b)(6), dismissing the aforementioned claims.

---

[28] *See* Exhibit A at p. DEFS 000005.

[29] *See Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 872 (5th Cir. 1991) (explaining that breach of contract is a cause of action available only to parties to the contract); *see also S&S Emergency Training Sols., Inc. v. Elliot*, 564 S.W.3d 843, 847 (Tex. 2018) (detailing elements of cause of action for breach of contract, which include "the formation of a valid contract").

[30] *See Universe Life Ins. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997) (holding that to prevail on a cause of action for breach of the common law duty of good faith and fair dealing, a plaintiff must establish, among other elements, that an insurance contract existed, leading to the existence of the duty of good faith and fair dealing); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 215 (Tex. 1988) (same).

[31] *See Barbara Techs. Corp. v. State Farm Lloyds,* 589 S.W.3d 806, 824 (Tex. 2018) (quoting *Allstate Ins. Co. v. Bonner,* 51 S.W.3d 289, 291 (Tex. 2001) (outlining elements of Chapter 542 claim, which include "a claim under an insurance policy").

Respectfully submitted,

/s/ *Raymond Gregory*____

Raymond L. Gregory II
Attorney in Charge
State Bar No. 08438275
S.D. Texas Bar No. 12879
rlg2@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
2190 West Loop North, Suite 200
Houston, Texas 77018
713.659.5100 | Telephone
713.951.9920 | Facsimile

ATTORNEY-IN-CHARGE FOR
DEFENDANTS

OF COUNSEL:

Raymond L. ("Trey") Gregory III
State Bar No. 24116458
trey@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
2190 North Loop West, Suite 200
Houston, Texas 77018
713.659.5100 | Telephone
713.951.9920 | Facsimile

## CERTIFICATE OF SERVICE

I certify that on April 29, 2026, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

David M. Anderson
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
danderson@ccatriallaw.com

/s/ *Raymond Gregory*
Raymond L. Gregory II